**Jamal M. SAFA, Plaintiff–Appellant,**

v.

**DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, INC., Defendant–Appellee.**

No. 14–3714.

United States Court of Appeals, Second Circuit.

Nov. 3, 2015.

Stephen F. Rosenthal (Ricardo Martinez–Cid, on the brief), Podhurst Orseck, P.A., Miami, FL, for Plaintiff–Appellant.

Thomas M. Mealiffe (Joseph J. Ortego, on the brief), Nixon Peabody LLC, Jericho, N.Y., for Defendant–Appellee.

PRESENT: CHESTER J. STRAUB, RICHARD C. WESLEY, and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Jamal M. Safa ("Safa") brought this action pursuant to the Montreal Convention against Defendant–Appellee Deutsche Lufthansa Aktiengesellschaft, Inc. ("Lufthansa") for damages resulting from the airline's response to Safa's medical incident on board an international flight. After lengthy discovery, Lufthansa moved for summary judgment, arguing that the undisputed facts demonstrated that no "accident" as defined by Article 17 of the Montreal Convention had occurred because Lufthansa's crew had materially adhered to all applicable policies and procedures in responding to Safa's medical incident. The District Court, though recognizing that an airline's deviation from expected policies and procedures can constitute an "accident" under the Montreal Convention, granted Lufthansa's motion.[1]

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a). A genuine dispute of material fact exists if a reasonable jury could, viewing the evidence in the light most favorable to the non-movant, find in favor of the non-movant. *Magan*, 339 F.3d at 161.

We see no material factual dispute on the record barring judgment as a matter of law.[2] Accordingly, we AFFIRM the judgment of the District Court.

---

1. We review a grant of summary judgment *de novo*. *Magan v. Lufthansa German Airlines*, 339 F.3d 158, 160 (2d Cir.2003). We assume the parties' familiarity with the facts and record below, which we reference only as necessary to explain our decision.

2. Safa argues that the District Court applied an incorrect standard in determining whether Lufthansa's actions constituted an "accident" under the Montreal Convention. Because no material factual dispute exists regardless of the standard applied, we need not reach this issue and decline to do so here.